PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MANDY NIELSEN, | ) |
| | ) CASE NO. 4:24-CV-00579 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| SEVEN SEVENTEEN CREDIT UNION, INC., *et al.*, | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF No. 50] |
| Defendants. | ) |

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. ECF No. 50. Defendants responded to the Motion via a Joint Response in Opposition, to which Plaintiff replied. ECF Nos. 58, 64. The Motion is denied for the reasons herein.

**I. BACKGROUND**

Plaintiff Mandy Nielson filed a complaint against Defendants Seven Seventeen Credit Union and Angelo Locastro alleging (1) discrimination on the basis of sex; (2) hostile work environment; and (3) retaliation. ECF No. 1. The Court held a Telephonic Case Management Conference and thereafter entered a Case Management Conference Plan/Order (Order). ECF No. 19. The Order provides:

> *2024.* Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). The cutoff date, however, is merely a time limitation—not a blanket leave. A party must still demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend must at least alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

(4:24-CV-00579)

ECF No. 19 at PageID #: 91 (emphasis added); *see* Fed. R. Civ. P. 15(a). The Order further states that "[d]iscovery . . . shall be completed on or before January 31, 2025." ECF No. 19 at PageID #: 90. Plaintiff filed her Motion for Leave to File an Amended Complaint on February 11, 2025, seven months after the cutoff for amended pleadings and eleven days after the conclusion of discovery. ECF No. 50.

## II. STANDARD OF LAW

After a cutoff in an order has passed, a district court may consider whether a plaintiff has satisfied the liberal standards of Rule 15(a) only if the plaintiff first makes a showing for modification of the order under Rule 16(b). *See* Fed. R. Civ. P. 15(a), 16(b); *see Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary measure of a moving party's show of good cause is their "diligence in attempting to meet the case management order's requirements[,]" but "possible prejudice to the party opposing the modification is also relevant." *In re Onglyza & Kombiglyze v. Bristol-Myers Squibb Co.*, 93 F.4th 339, 349 (6th Cir. 2024) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Leave to amend a complaint after a responsive pleading has been filed should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a); *see Foman v Davis*, 371 U.S. 178, 182 (1962); *see Greer v. Strange Honey Farm*, 114 F.4th 605, 617 (6th Cir. 2024). A district court abuses its discretion when it denies a plaintiff leave to amend without justifying reasons. *Foman*, 371 U.S. at 182.

## III. DISCUSSION

Plaintiff's Motion for Leave to File an Amended Complaint fails to establish good cause because: (1) the Federal Rules of Evidence (FRE) bar the admissibility of information gained during settlement negotiations; (2) Plaintiff was not diligent in attempting to meet the Order's

2

(4:24-CV-00579)

cutoffs; and (3) permitting such amendment would be prejudicial to Defendants. Given that Plaintiff failed to establish good cause under Rule 16, the Court need not analyze the Motion under Rule 15(a). *See* Fed. R. Civ. P. 15(a), 16; *see Leary*, 349 F.3d at 909; *see Devore v. United Parcel Serv. Inc.*, No. 3:19-CV-731, 2021 WL 6064021, at *2 (W.D. Ky. Dec. 22, 2021).

This procedural history is a cautionary tale concerning the consequences of waiting months to begin discovery. As noted, the Court set the cutoff to amend pleadings for July 31, 2024. This date was no surprise to Plaintiff, as the Court adopted the recommendation of the Parties themselves. *Compare* ECF No. 19 *with* Discovery Plan, ECF No. 17 at PageID #: 81. Despite clear notice of the target dates and the Court's corresponding expectations, Plaintiff did not move to amend until nearly seven months after the expiration her allotted time to do so.[1]

### A. Federal Rule of Evidence Prohibition

Plaintiff claims that "intense mediation" held on February 4, 2025 was the source of newly discovered information that justifies her attempted tardy amendment. ECF No. 50 at PageID # 349. Federal Rule of Evidence 408, however, prohibits the admission of information obtained during settlement negotiations (including mediation) in litigation. *See* Fed. R. Evid. 408. This prohibition promotes public policy favoring compromise and settlement of disputes so that parties may exchange information uninhibited. *Id.* advisory committee's notes (1972). While there are some exceptions to Rule 408 (*e.g.*, proving witness bias, criminal obstruction, etc.), none apply here. *See id.* Because Plaintiff's proposed amendments are based, in part, on prohibited information obtained during mediation, she has failed to show the requisite good cause to untimely amend her Complaint. *See* ECF No. 50 at PageID #: 349.

### B. Failure to Demonstrate Diligence

---

[1] The imposed date also complies with the Local Rules. *See* Local Rule 16.3(b)(2)(I).

3

(4:24-CV-00579)

In the alternative, Plaintiff's Motion is denied because she failed to demonstrate the required diligence under Rule 16(b)(4). *See* Fed. R. Civ. P 16(b)(4). Plaintiff does not dispute that her Motion for Leave to File Amended Complaint was filed after the cutoff to amend pleadings, thus requiring her to comply with Rule 16. ECF No. 50 at PageID #: 350; *see Leary,* 349 F.3d at 909; *see* Fed. R. Civ. P. 16.

To meet the diligence requirement of the good cause standard, a party must show that "despite [their] diligence[,] they could not meet the original deadline." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020). "[T]he test is not whether [Plaintiff] *realized* she wanted to amend her Complaint prior to the deadline; rather, Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable diligence, sought leave to amend prior to the deadline." *Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2021 WL 1289767, at *2 (S.D. Ohio Apr. 7, 2021) (*citing Leary,* 349 F.3d 888 at 906) (emphasis in original); *see* Fed. R. Civ. P. 16. A moving party "does not establish 'good cause' to modify a case schedule to extend the deadline to amend pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend . . . before the deadline." *Id.* (citing *Leary,* 349 F.3d at 906); *see also Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x. 535, 537 (6th Cir. 2008) (finding that the plaintiff did not demonstrate good cause where he knew of the facts underlying his motion to amend but failed to amend before the deadline because he misunderstood the law).

Plaintiff argues that she exercised diligence in attempting to meet the scheduling order because the proffered amendment is based on new facts learned in a mediation on February 4, 2025, and Plaintiff sought leave to amend seven days later. ECF No. 64 at PageID #: 420.

4

(4:24-CV-00579)

Plaintiff asserts the new facts "exposed [Defendants'] retaliatory intent and statutory violations." ECF No. 64 at PageID ##: 420–21.

      Plaintiff's argument is not well taken. She does not explain the factual developments, only saying they were made available after mediation on February 4, 2025 and they "exposed [Defendants'] retaliatory intent." ECF Nos. 50, 64 at PageID #: 420. The Court is not convinced that Plaintiff first learned of Defendant's retaliatory intent at mediation, given that her original Complaint alleged a retaliation claim under Title VII. ECF No. 1 at PageID #: 5. Furthermore, the new facts Plaintiff lists in the Amended Complaint (under amended Counts I, II, and III) relate to an incident in which Plaintiff broke her elbow and filed a request for leave under the Family and Medical Leave Act ("FMLA"). ECF No. 50-1; *see* 28 U.S.C. §§ 2601–2654. The incident occurred on February 11, 2022, and was known long before mediation on February 4, 2025, given that it was Plaintiff's own injury. Additionally, the subsequent filing of the request for leave under the FMLA was known to Plaintiff because she filed the request herself. To support her FMLA violation claims, Plaintiff adds an Unemployment Compensation Review Commission Decision (ECF No. 50-3, Ex. B), a Certification of Health Care Provider under the FMLA (ECF No. 50-4, Ex. C), an email from Plaintiff to Mr. Mark Munno (ECF No. 50-5, Ex. D), and a text message from Mr. Munno to Plaintiff (ECF No. 50-6, Ex. E). All exhibits that Plaintiff attaches in her Amended Complaint were in Plaintiff's possession at least two years before the Amended Complaint was filed, and well before the cutoff to amend.[2] ECF No. 50-1. Plaintiff provides no justifiable reason for her delay in bringing these claims. Rather, she admits

---

[2] The Complaint was filed on March 28, 2024 and the Amended Complaint was filed on February 11, 2025. Plaintiff had possession of Ex. B by February 17, 2023, Ex. C by February 22, 2023, Ex. D by February 17, 2022, and Ex. E by February 17, 2022.

5

(4:24-CV-00579)

that she "was generally aware of some of the underlying facts" beforehand. ECF No. 64 at PageID #: 420.

Accordingly, the Court finds that Plaintiff did not act diligently in making the proposed amendment because she was aware (or should have been aware) of the facts that form the basis of her new claims before the filing of the original Complaint. *See, e.g.*, *Mihocik v. Options Home Servs., LLC.*, No. 2:21-CV-4604, 2022 WL 19001531, at *3 (S.D. Ohio July 19, 2022) (denying the plaintiff's motion to amend when the plaintiff had knowledge of the underlying facts and the defendant's deposition merely deepened plaintiff's understanding because "a nuanced understanding of the opposing party's position is not necessary to allege facts within the [p]laintiff's possession").

### C. Prejudice to Defendant

The Court must also consider prejudice to the non-moving party when deciding whether to amend a scheduling order. *See* *Leary*, 349 F.3d at 909. "The longer the delay, the less prejudice the opposing party will be required to show." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 880 (6th Cir. 2020) (*citing* *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002)). "Allowing amendments after the close of discovery creates significant prejudice." *See* *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806–07 (6th Cir. 2005) (affirming denial of a motion to amend brought before the close of discovery because of prejudice to the non-movant and undue delay by the movant).

Here, Plaintiff posits that there is no prejudice in granting the motion because Defendants already possess all records regarding Plaintiff's FMLA leave such that no more discovery is necessary. ECF No. 64 at PageID #: 421. According to Defendants, Plaintiff's motion is prejudicial because Defendants would have to defend against these claims without deposing

6

(4:24-CV-00579)

Plaintiff or engaging in discovery related to these claims, and it will impact their ability to seek summary judgment by the dispositive motion cutoff.  ECF No. 58 at PageID #: 400.

The Court agrees.  Plaintiff knew of the facts that form the basis of the additional claims such that she could have brought them with her original complaint on March 28, 2024, but chose to bring them on February 11, 2025, after the discovery cutoff.  She delayed bringing these claims by ten months and chose to bring them nearly seven months after the cutoff to amend pleadings, eleven days after the close of discovery, and twenty-four days before the dispositive motion cutoff.  Defendants would be prejudiced if the Motion were granted because they will not be able to conduct any discovery in relation to the claims, will be forced to defend against these claims without discovery, and will not be able to meet the dispositive motion cutoff, which has since passed.  Granting a motion to amend after discovery has closed and on the eve of the dispositive motion cutoff causes prejudice to Defendants.  See *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *3 (E.D. Tenn. Jan. 21, 2011) (*citing Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

### IV. CONCLUSION

The Court finds that the Motion for Leave to add four counts to the Complaint because of factual developments allegedly learned by Plaintiff in a February 4, 2025 mediation fails to establish good cause for modification of the scheduling order because Plaintiff was dilatory in bringing the claims and there is prejudice to Defendants.  Accordingly, Plaintiff's Motion (ECF No. 50) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| September 19, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

7